# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN J. KHERDEEN<br><br>　　　　　　　Petitioner,<br>vs.<br>U.S. GOVERNMENT, et al.,<br>　　　　　　　Respondents. | CASE NOS. 14cv1524 BTM (DHB); 14cv2076 BTM (DHB)<br><br>**ORDER DENYING WAIVER OF CHARGEABLE FEES** |

On July 7, 2014 this Court granted *pro se* Petitioner Mazen J. Kherdeen's Motion to Proceed In Forma Pauperis ("IFP"), which he filed together with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in Case No. 14cv1524. On September 11, 2014 this Court granted a second IFP motion in a related matter, Case No. 14cv2076, and for similar reasons. On September 19, 2014 Petitioner filed this Emergency Motion to Include Waiver of Chargeable Fees under the *in forma pauperis* ("IFP") orders currently in effect in both of the captioned matters. Plaintiff requests relief in the form of a waiver from paying court-imposed fees for a civil action set out in 28 U.S.C. § 1914 and Local Rule 45, including PACER[1] fees that may be incurred in the

---

[1] PACER is an acronym for Public Access to Court Electronics which is the system that allows users to obtain case and docket information from Federal Appellate, District and Bankruptcy courts via the Internet. This is part of this Court's CM/ECF case management systems that maintains the electronic files in each case and offers electronic filing.

future.

Since this Court previously granted his two IFP motions, Petitioner has been released from government custody on his own recognizance. Petitioner claims to be homeless and without his wallet or identification (14cv2076, Docs. 12, 14; 14cv1524, Doc. 19).

The Ninth Circuit and other Courts of Appeal have traditionally held that the IFP statute, 28 U.S.C. § 1915, provides no statutory authority for federal courts to authorize waiver of witness fees or to front other costs of litigation on behalf of an IFP litigant. Section 1915 only authorizes the court to permit commencement of suit without prepayment of fees and costs upon a showing of indigence; it does not require the court finance a civil action. See Hadsell v. C.I.R.S., 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (28 U.S.C. § 1915 does not waive payment of fees or expenses for witnesses).

All parties and attorneys of record receive one free electronic copy of all documents filed electronically. To date, Petitioner has received a paper copy of every Order issued in this matter due to his previous status of being in government custody. Plaintiff also has the option of filling documents and viewing the Court's docket in the Clerk's Office as computers are provided for this purpose free of charge. If Petitioner wishes to download and print documents, the fee is a very modest ten (10) cents a page. To obtain free PACER access implies that Petitioner is seeking to view cases other than the one currently before the Court which requires only access to the Clerk's Office and its CM/ECF system. The Court finds that a waiver of PACER fees is neither appropriate nor warranted at this time.

//
//
//

Petitioner's Emergency Motion to Include Waiver of Chargeable Fees under the IFP orders currently in effect is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 6, 2014**

/s/ Barry Ted Moskowitz
**BARRY TED MOSKOWITZ, Chief Judge**
**United States District Court**